# EXHIBIT 1

Location: Court Room 2510
Judge: Mullen, Michael Tully

10/3/2023 9:00 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH08563
Calendar, 8
24637210

STATE OF ILLINOIS
CIRCUIT COURT OF COOK COUNTY
CHANCERY DIVISION

| | | |
|---|---|---|
| Candice Wilhelm *individually and on behalf of all others similarly situated*, | ) | Case No. 2023CH08563 |
| Plaintiff, | ) ) ) | Judge: |
| -vs- | ) ) | |
| Luno US, Inc. | ) ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Now comes Plaintiff, Candice Wilhelm ("Plaintiff"), on behalf of herself and all other similarly situated, through Counsel, and pursuant to 735 ILCS §§ 5/2-801 and 2-802, and 740 ILCS § 740/14/15, against Defendant, Luno US, Inc. ("Luno" or "Defendant"), its subsidiaries and affiliates, to redress and curtail Defendant's unlawful collections, obtainments, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric identifiers and/or biometric information (collectively referred to herein as "biometric data" and/or "biometrics"). Plaintiff alleges as follows upon personal knowledge as to herself, her own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Luno is a website and mobile phone application owned and operated by Luno US, Inc. which markets itself as a virtual platform where users may trade, purchase, borrow and transfer crypto currency.

2. Plaintiff opened an account on Luno within the five (5) years immediately preceding the filing of this Complaint.

3. As part of signing up, and/or gaining access to her Luno account, Plaintiff was prompted

1

to allow Defendant to collect her facial geometry, *i.e.*, her biometric information in order to verify her identity and ensure that she can meet the standards required by Defendant in order to have access to the application.

4. Luno recommends that users utilize the facial screening software on their cellular devices in order to ensure a more secure account.

5. Facial geometry scans are unique, permanent biometric identifiers associated with each user that cannot be changed or replaced if stolen or compromised.

6. Luno collects, stores, possesses, otherwise obtains, uses, and disseminates its users' biometric data.

7. The Illinois legislature enacted BIPA to protect residents' privacy interests in their biometric data. *See Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 963 (N.D. Ill. 2020), citing *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, 432 Ill. Dec. 654, 129 N.E.3d 1197, 1199 (2019).

8. Courts analogize an individual's privacy interest in their unique biometric data to their interest in protecting their private domain from invasion, such as from trespass. *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 624 (7th Cir. 2020), as amended on denial of reh'g and reh'g *en banc*, (June 30, 2020) and opinion amended on denial of reh'g en banc, 2020 U.S. App. LEXIS 20468, 2020 WL 6534581 (7th Cir. 2020).

9. In recognition of these concerns over the security of individuals' biometrics – particularly in the City of Chicago, which has been selected by major national corporations as a "pilot testing site[] for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias" (740 ILCS 14/5(b)) – the Illinois Legislature enacted the BIPA, which provides, inter alia, that a private entity like Luno US, Inc.

may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used; (3) receives a written release from the person for the collection of his or her biometric identifiers or information; and (4) publishes publicly-available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a)-(b).

10. The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

11. Luno US, Inc. is a "private entity" as that term is broadly defined by BIPA and is subject to all requirements of BIPA. *See* 740 ILCS § 14/10.

## JURISDICTION AND VENUE

12. This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS § 14/1 *et seq.*) brought pursuant to 735 ILCS §§ 5/2-801, 2-802 seeking statutory damages.

13. Venue is proper in this Court because a substantial amount of the acts and omissions giving rise to this Action occurred within this judicial district.

14. At all relevant times, Plaintiff is a resident of the state of Illinois and the violations of BIPA as detailed herein occurred while Plaintiff was located in Illinois.

3

15. Luno is a cryptocurrency corporation which markets itself and does substantial business with users located in and residing within the State of Illinois.

16. Luno markets directly to Illinois residents.

17. Luno's marketing efforts include, but are not limited to, pay-per-click advertising, Facebook ads, Instagram ads, and other social media marketing campaigns targeted specifically at indiviudals residing within the City of Chicago and State of Illinois.

18. Luno US, Inc.'s marketing efforts directed towards Illinois were a factor in Plaintiff's decision to open an account on Luno.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

19. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

20. Plaintiff opened an account on Luno within the five years immediately preceding the filing of this Complaint.

21. As part of signing up, and/or gaining access to her Luno account, Plaintiff was prompted to allow Defendant to collect her facial geometry, *i.e.*, her biometric information in order to verify her identity and ensure that she can meet the standards required by Defendant in order to have access to the application.

22. At the time of collecting and retaining Plaintiff's biometric information, Defendant had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with Defendant, whichever occurs first.

23. Defendant did not inform Plaintiff in writing that Defendant was collecting or storing her

4

biometric information.

24. In fact, Defendant made no mention of biometric information, collection of biometric information, or storage of biometric information.

25. Moreover, Defendant did not inform Plaintiff in writing of the specific purpose and length of term for which her biometric information was being collected, stored, and used.

26. Defendant collected, stored, and used Plaintiff's biometric information without ever receiving a written release executed by Plaintiff which would consent to or authorize Defendant to do the same.

27. Additionally, Defendant disclosed, redisclosed, or otherwise disseminated Plaintiff's information (1) without Plaintiff's consent; (2) without Plaintiff's authorization to complete a financial transaction requested or authorized by; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

28. Defendant's collection and retention of biometric information as described herein is not unique to Plaintiff and is instead part of Defendant's policy and procedures which Defendant applies to all of its users, including the Class Members.

## CLASS DEFINITIONS AND ALLEGATIONS

29. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

30. Plaintiff brings Claims for Relief in violation of BIPA as a class action on behalf of herself and all members of the following Class:

> **All Illinois residents who had their biometric information collected by Defendant at any point in the five (5) years preceding the filing of this Complaint.**

31. In the alternative, and for the convenience of this Court and the parties, Plaintiff may seek to certify other subclasses at the time the motion for class certification is filed.

32. **Numerosity**. The Class Members are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that there are more than 1,000 people who satisfy the definition of the Class.

33. **Existence of Common Questions of Law and Fact**. Common questions of law and fact exist as to Plaintiff and the Class Members including, but not limited to, the following:

a. Whether Defendant possessed Plaintiff's and the Class Members' biometric identifiers or biometric information without first developing a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with Defendant, whichever occurs first.

b. Whether Defendant collected, captured, purchased, received through trade, or otherwise obtained Plaintiff's and the Class Members' biometric identifier or biometric information, without first: (1) informing Plaintiff and the Class Members in writing that a biometric identifier or biometric information is being collected or stored; (2) informing Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric identifier or biometric information was being collected, stored, and used; and (3) receiving a written release executed by Plaintiff and the Class Members

c. Whether Defendant disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric identifiers or biometric information (1) without Plaintiff's and the Class Members' consent; (2) without Plaintiff's and the Class Members' authorization to complete a

6

financial transaction requested or authorized by Plaintiff and the Class Members; (3) without being required by State or Federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

d. The damages sustained and the proper monetary amounts recoverable by Plaintiff and the Class Members.

34. **Adequacy**. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions.

35. **Appropriateness and Efficiency**. Class certification is also appropriate and efficient because questions of law and fact common to the Class Members predominate over questions affecting only individual members of the classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices illegally deprived Plaintiff and the Class Members of the privacy protections which BIPA seeks to ensure; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution. In addition, class certification will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

### COUNT ONE: VIOLATION OF 740 ILCS § 14/15(a)

36. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

37. A private entity in possession of biometric identifiers or biometric information must

develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines. 740 ILCS § 14/15(a).

38. As part of signing up, and/or gaining access to their Luno account, Plaintiff and the Class Members were prompted to allow Defendant to collect their facial geometry, *i.e.*, their biometric information.

39. At the time of collecting and retaining Plaintiff's and the Class Members' biometric information, Defendant had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with Defendant, whichever occurs first.

40. As such, Defendant's retention of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

### COUNT TWO: VIOLATION OF 740 ILCS § 14/15(b)

41. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42. No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

> (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

8

(2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative. 740 ILCS § 14/15(b).

43. Defendant did not inform Plaintiff and the Class Members in writing that Defendant was collecting or storing her biometric information.

44. In fact, Defendant made no mention of biometric information, collection of biometric information, or storage of biometric information.

45. Moreover, Defendant did not inform Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric information was being collected, stored, and used.

46. Defendant collected, stored, and used Plaintiff's and the Class Members' biometric information without ever receiving a written release executed by Plaintiff or the Class Members which would consent to or authorize Defendant to do the same.

47. As such, Defendant's collection of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(c).

### COUNT THREE: VIOLATION OF 740 ILCS § 14/15(d)

48. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49. No private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless:

9

(1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure;

(2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or the biometric information or the subject's legally authorized representative;

(3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or

(4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction. 740 ILCS § 14/15(d).

50. Defendant's disclosures, redisclosures, or otherwise disseminating of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(d).

**WHEREFORE**, individually, and on behalf of the Class Members, the Plaintiff prays for: (1) certification of this case as a class action appointing the undersigned counsel as class counsel; (2) a declaration that Defendant has violated BIPA, 740 ILCS 14/1 *et seq.*; (3) statutory damages of $5,000.00 for each intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant's violations of BIPA were not willful; (4) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); (5) actual damages; and (6) for any other relief deemed appropriate in the premises.

Dated: October 3, 2023                    Respectfully submitted,

By: /s/ *Michael L. Fradin*
Michael L. Fradin, Esq.
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: */s/ James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
Simon Law Co.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | | **SUMMONS** | For Court Use Only |
|---|---|---|---|
| Cook COUNTY | | | FILED 10/3/2023 9:00 PM IRIS Y. MARTINEZ CIRCUIT CLERK COOK COUNTY, IL 2023CH08563 Calendar, 8 24637210 |

| Instructions ▼ | |
|---|---|
| Enter above the county name where the case was filed. | Candice Wilhelm<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Enter the names of all people you are suing as Defendants/Respondents. | Luno US, Inc.<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

**2023CH08563**

**Case Number**

Hearing Date: 2/1/2024 10:00 AM
Location: Court Room 2510
Judge: Mullen, Michael Tully

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| | 1. | **Defendant/Respondent's address and service information:** |
|---|---|---|
| In 1a, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | a. | Defendant/Respondent's primary address/information for service:<br>Name *(First, Middle, Last)*: Luno US, Inc.<br>Registered Agent's name, if any: The Corporation Trust Company<br>Street Address, Unit #: Corporation Trust Center 1209 Orange St.<br>City, State, ZIP: Wilmington, DE 19801<br>Telephone: _____ Email: _____ |
| In 1b, enter a second address for Defendant/Respondent, if you have one. | b. | If you have more than one address where Defendant/Respondent might be found, list that here:<br>Name *(First, Middle, Last)*: _____<br>Street Address, Unit #: _____<br>City, State, ZIP: _____<br>Telephone: _____ Email: _____ |
| In 1c, check how you are sending your documents to Defendant/Respondent. | c. | Method of service on Defendant/Respondent:<br>☐ Sheriff  ☐ Sheriff outside Illinois: _____<br>County & State<br>☐ Special process server  ☐ Licensed private detective |

SU-S 1503.2                    Page 1 of 4                    (06/21)

Enter the Case Number given by the Circuit Clerk: _____

| | | |
|---|---|---|
| In 2, enter the amount of money owed to you. | **2.** | **Information about the lawsuit:**<br>Amount claimed: $ 50,000.00 |
| In 3, enter your complete address, telephone number, and email address, if you have one. | **3.** | **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*: Michael L. Fradin<br>Street Address, Unit #: 8401 Crawford Ave. Ste. 104<br>City, State, ZIP: Skokie, IL 60076<br>Telephone: (847) 986-5889    Email: mike@fradinlaw.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| Important information for the person getting this form | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

| | | |
|---|---|---|
| Check 4a or 4b. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box 4b. | **4.** | **Instructions for person receiving this *Summons* (Defendant):** |
| | ☑ a. | To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:<br>Address: 50 West Washington Street (Richard J. Daley Center - Chancery Division)<br>City, State, ZIP: Chicago, IL 60602 |
| In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. | ☐ b. | Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br>       Date           Time                                Courtroom<br>**In-person at:**<br><br>_____<br>Courthouse Address    City              State    ZIP<br>OR |
| In 4b, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | | **Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>By telephone: _____<br>                 *Call-in number for telephone remote appearance*<br>By video conference: _____<br>                       *Video conference website*<br>_____<br>*Video conference log-in information (meeting ID, password, etc.)*<br><br>Call the Circuit Clerk at: _____ or visit their website<br>                         *Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>     *Website* |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | **Witness this Date:** _____<br><br>10/3/2023 9:00 PM IRIS Y. MARTINEZ<br>**Clerk of the Court:** _____ |
| **STOP!**<br>The officer or process server will fill in the Date of Service. | This *Summons* must be served within 30 days of the witness date.<br><br>Date of Service: _____<br>(Date to be entered by an officer or process server on the copy of this *Summons* left with the Defendant or other person.) |



SU-S 1503.2                             Page 2 of 4                             (06/21)

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br>Cook COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

**Instructions**

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

Enter the names of all people you are suing as Defendants/Respondents.

Enter the Case Number given by the Circuit Clerk.

Candice Wilhelm
**Plaintiff / Petitioner** *(First, middle, last name)*

v.

Luno US, Inc.
**Defendant / Respondent** *(First, middle, last name)*

☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)*

**2023CH08563**
**Case Number**

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
*First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent
_____ as follows:
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
  Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address, Unit#: _____
  City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address, Unit#: _____
  City, State, ZIP: _____
  And left it with: _____
  *First, Middle, Last*
  Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
  and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
  *First, Middle, Last*
  Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address: _____
  City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk:_____

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury. |

**By:**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

_____
*Signature by:*  ☐ Sheriff
                 ☐ Sheriff outside Illinois:

_____
*County and State*
                 ☐ Special process server
                 ☐ Licensed private detective

**FEES**
Service and Return: $ _____
Miles _____ $ _____
Total                $ 0.00

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____